**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TANCI ISSA BALZAN, #42495-177,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-1370-D-BK** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal detainee awaiting extradition to Argentina, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons that follow, it is recommended that the petition be denied.

**I.  BACKGROUND**

In 2011, the Court certified Petitioner as extraditable to stand trial in Argentina for fraud under 18 U.S.C. § 3184.  *United States v. Balzan*, 3:10-MJ-340-BH (N.D. Tex. May 11, 2011) (Doc. 1).  Petitioner, through appointed counsel, unsuccessfully appealed the certification and commitment order.  *Balzan v. United States*, No. 3:11-CV-1155-N-BH, 2011 WL 4840730 (N.D. Tex. Sep. 11, 2011), *accepting recommendation*, 2011 WL 4840726 (N.D. Tex. Oct. 11, 2011) (denying habeas petition with prejudice), *aff'd*, 702 F.3d 220 (5th Cir. Dec. 7, 2012). Subsequently, proceeding *pro* se, Petitioner unsuccessfully sought clarification of the extradition order through three habeas corpus actions.  *See Balzan v. United States*, No. 3:12-CV-4815-D-BK, 2012 WL 6965062 (N.D. Tex. Dec. 11, 2012), *accepting recommendation*, 2013 WL 373438 (N.D. Tex. Jan. 31, 2013) (summarily dismissing petition under 28 U.S.C. § 2241);

*Balzan v. United States,* No. 3:12-CV-5135-M-BH, 2013 WL 359648 (N.D. Tex. Jan. 11, 2013),

*accepting recommendation*, 2013 WL 362814 (N.D. Tex. Jan. 30, 2013) (summarily dismissing

habeas petition with sanction warning); *Balzan v. United States,* No. 3:13–CV–0174–L–BK,

2013 WL 1339249 (N.D.Tex. Feb. 7, 2013), *accepting recommendation*, 2013 WL 1338292

(N.D. Tex. Apr. 3, 2013) (same).  Petitioner did not appeal the dismissal of his previous habeas

petitions.

 Petitioner then sought a transfer to a Florida facility and assurances that he would not be

detained for other offenses, but the Court dismissed his case for want of prosecution.  *See Balzan*

*v. United States*, No. 3:13-CV-0020-L-BK (N.D. Tex. Apr. 2, 2013).  The Court also denied a

subsequent request for mandamus relief because the extradition treaty speaks only of a

discretionary act and does not grant a private right of action.  *Balzan v. United States,* No. 3:13-

CV-901-N-BN, 2013 WL 1194400 (N.D. Tex. Feb. 7, 2013), *accepting recommendation*, 2013

WL 1194469 (N.D. Tex. March 25, 2013).

 Although Petitioner did not appeal, he filed this habeas corpus action, his sixth since

November 2012, claiming he should be released from custody because of delays in his

extradition.  (Doc. 3 at 5-6).  Specifically, he asserts that Argentina has not complied with the

30-day removal provision in Article 12(4) of the Extradition Treaty, and that he has been in

custody pending extradition for more than two months  under 18 U.S.C. § 3188.  *Id.*  The

Government claims Petitioner is not entitled to relief.  (Doc. 7).  Petitioner has filed a reply.

(Doc. 10). [1]

---

[1] The Government relies in part on collateral estoppel.  However, it is unclear whether principles of collateral estoppel are applicable to habeas proceedings.  The Government does not cite to any cases that would suggest collateral estoppel applies in habeas corpus proceedings within the Court of Appeals for the Fifth Circuit. Rather, its argument is based only on *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007), which

After briefing was complete in this case, Petitioner filed a seventh habeas corpus petition, claiming delay in his extradition under Articles 8(d) and 11(4) of the Extradition Treaty. *Balzan v. United States*, 3:13-CV-1937-O-BK (N.D. Tex. 2013). Contemporaneous with this recommendation, however, the undersigned is recommending that the seventh habeas petition also be denied. *Id.*

## II. ANALYSIS

### A. Claims Lack Merit

Petitioner is not entitled to habeas corpus relief. Even liberally construing his pleadings, he fails to show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).

Article 12 of the Extradition Treaty between the United States and Argentina reads in part as follows:

> 1. The Requested State shall promptly notify the Requesting State of its decision on the request for extradition.

> * * *

> 4. If extradition is granted, the Parties shall agree on the time and place for the surrender of the person sought. If the person sought is not removed from the territory of the Requested State within thirty (30) calendar days from the time of the notification described in paragraph 1 of this Article [setting forth requirements to notify the Requesting State of decision on the request for extradition] or within the time prescribed by the law of that State, whichever is longer, that person may be discharged from custody, and the Requested State may refuse a subsequent extradition request from the Requesting State for that person for the same offense.

---

addressed collateral estoppel in the context of non-habeas civil actions. *But see Hardwick v. Doolittle*, 558 F.2d 292, 295 (5th Cir. 1977) ("the doctrines of res judicata and collateral estoppel are not applicable in habeas proceedings."); *Jones v. Joslin*, No. C-07-00067, 2007 WL 2021777 (S.D. Tex. July 9, 2007) (collecting cases). Nevertheless, because Petitioner requests release from confinement, his claims are cognizable in a petition for writ of habeas corpus.

Extradition Treaty between the United States of America and the Argentine Republic, U.S.-Arg.,
June 10, 1997, S. Treaty Doc. No. 105–18, Art 12(l) and (4), available at
http://www.state.gov/documents/organization.101677.pdf.

Petitioner claims the Government has delayed his extradition.  He states that "no motion
to stay extradition has been submitted or granted since the Judgment/Mandate" of the United
States Court of Appeals for the Fifth Circuit in January 2013.  (Doc. 3 at 6).  However, his
allegations are contrary to the facts.  During the appeal of the certification and commitment
order, the Court twice granted Petitioner's request to stay his extradition.  *See Balzan v. United
States*, 3:11-CV-1155-N (Doc. 4, 8, 22. 24).  Then in November 2012, just prior to the Court of
Appeals' decision, Petitioner additionally submitted four habeas actions and a petition for writ of
mandamus, prompting the Court to warn him that sanctions would be imposed if he continued to
file duplicate and repetitive actions.  Undeterred, Petitioner filed this habeas action and the
subsequent petition in No. 3:13-CV-1937-O-BK, alleging *inter alia* delays in his extradition.  In
response, the Government promptly moved and the court granted a request to lift the stay of
extradition in No. 3:11-CV-1155-N.  (Doc. 8 at 001).  Argentina has also asked the Government
for a specific timeframe in which to take custody of Petitioner.  (Doc. 7 at 9).

Petitioner has not shown that Argentina has failed to extradite him in a timely manner or
that it failed to comply with the 30-day removal provision in Article 12(4) of the Extradition
Treaty.  The latter commences only when the United States (the Requested State) notifies
Argentina (the Requesting State) of its decision on the request for extradition.  However, as
noted above, Petitioner sought and was granted a stay of his extradition pending appeal and the
stay was not lifted until recently.  Moreover, as the Court found in the mandamus action,

Petitioner "himself delayed the final adjudication of his claims through repeated -- and often frivolous -- requests for habeas relief pursuant to section 2241." *Balzan*, No. 3:13-CV-901-N-BN, 2013 WL 1194400, at *3. In fact, since the issuance of the mandate in the appeal from the extradition order, not one day has passed without an action filed by Petitioner pending before this Court.

In his reply, Petitioner argues for the first time that in 2009 he was "arrest[ed] and transfer[red] from Immigration custody on a recinded [*sic*] and denied extradition order." Petitioner's belated attempt to resurrect claims related to his initial transfer from immigration custody to that of the U.S. Marshal is not cognizable in this habeas action. *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) (Section 2241 requires that at the time a prisoner files a motion or petition, he must be "in custody" for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction) (*citing Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 375-76 (1963).

Petitioner also suggests the Government engaged in delay tactics, namely, purposefully waiting until April 2013 to seek to lift the stay. (Doc. 10 at 4). Petitioner fails to note, however, that the stay he refers to was entered pursuant to his request. Moreover, there is no evidence that Petitioner ever moved to lift the stay himself. Indeed, Petitioner's actions during and after the pendency of his appeal of the Court's extradition order, i.e., the repeated filing of frivolous actions in this Court, evince his attempt to further delay his extradition. Thus, his complaints regarding the delay are disingenuous, and his request for release from custody under Article 12(4) of the Extradition Treaty should be denied.

Petitioner's reliance on 18 U.S.C. § 3188 is similarly unavailing. That section states:

> Whenever any person who is committed for rendition to a foreign government to remain until delivered up in pursuance of a requisition, is not so delivered up and conveyed out of the United States within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed, by the readiest way, out of the United States, any judge of the United States, or of any State, upon application made to him by or on behalf of the person so committed, and upon proof made to him that reasonable notice of the intention to make such application has been given to the Secretary of State, may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not to be ordered.

18 U.S.C. § 3188.

As the Government correctly notes, Petitioner has not provided proof that he notified the Secretary of State of his intention to seek petition for writ of habeas corpus. *See In re United States*, 713 F.2d 105, 110 (5th Cir. 1983) (noting the necessity under section 3188 for petitioner/movant "to give notice to the Secretary of State of the intention to apply for the writ of habeas corpus"). The two-month period provided by section 3188 begins to run from the time the petitioner's claim is finally adjudicated, including any habeas petition challenging the extradition order. *See Jimenez v. U.S. Dist. Court for Southern Dist. of Fla., Miami Division,* 84 S. Ct. 14, 18 (1963) (holding that where the accused has instituted and pursued review of his extradition order, the two-month period does not begin to run until there has been a final adjudication of his claims). Moreover, any delay in effecting extradition that is attributable to the subsequent, repetitive habeas proceedings that Petitioner commenced is "sufficient cause" to deny his release under section 3188. *See Eichelberger v. Warden, Metro. Det. Ctr.*, No. CV-06-3259, 2006 WL 2040128 (E.D.N.Y. 2006) (holding petitioner could not seek release based on delays caused by his own actions, namely filing of subsequent habeas petitions related to his extradition); *Beukes v. Pizzi*, 888 F. Supp. 465, 469-70 (E.D.N.Y. 1995) ("any delay in effecting

extradition that is attributable to proceedings commenced by [the petitioner] are plainly 'sufficient cause' within the meaning of § 3188.").  Accordingly, Petitioner is not entitled to release from custody under section 3188.

**B.  Sanction**

In January and April 2013, the Court warned Plaintiff that sanctions may be imposed if he persists in filing frivolous or duplicative habeas actions.  *Balzan,* No. 3:12-CV-5135-M-BH, 2013 WL 362814; *Balzan,* No. 3:13–CV–0174–L–BK, 2013 WL 1338292.  Because the present action clearly disregards the Court's prior orders, Plaintiff should be barred from filing future habeas actions in this Court unless accompanied by a motion for leave to file.  "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein."  *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**, and that Plaintiff be **BARRED** from filing habeas corpus actions in this Court without first seeking leave to file.

SIGNED June 12, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE